UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARLON BLACK,

                Petitioner,              **REPORT AND RECOMMENDATION**
                                            11 Civ. 1495 (VB)(LMS)

    -against-

H. GRAHAM, Superintendent,
Auburn New York Correctional Facility,

                Respondent.
-------------------------------------------------------X

**TO:  THE HONORABLE VINCENT BRICCETTI, U.S.D.J.**

      Petitioner Marlon Black ("Petitioner") has filed a *pro se* Petition seeking a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Docket # 1 ("Petition").  For the reasons set forth

below, I conclude, and respectfully recommend that Your Honor should conclude, that the

Petition should be dismissed.

**I.  PROCEDURAL BACKGROUND**

      On or about November 28, 2007, Petitioner was convicted in the Westchester County

Court (Zambelli, J.), upon a jury verdict, of the crimes of attempted robbery in the first degree,

attempted robbery in the second degree, criminal possession of a weapon in the third degree,

assault in the third degree, and resisting arrest.  See Respondent's Affidavit in Opposition

(Docket # 11), Exhibit C.[1]  After the verdict was recorded and Petitioner was remanded, both

Petitioner's defense counsel and the prosecution learned the following undisputed facts:  prior to

jury selection, potential jurors were told plea bargain discussions were taking place and the

jurors would be dismissed if the case settled; shortly thereafter, the jurors were told a plea

---

[1] Hereinafter, all citations to "Exh. __" refer to exhibits attached to Respondent's Affidavit in Opposition to the instant petition.

Copies Mailed to ~~Counsel~~ of Record.
Pro se party

bargain had not been reached and the trial was going forward.  See Respondent's Affidavit in
Opposition at 4.

On or about January 28, 2008, Petitioner, through counsel, filed a motion to set aside his
guilty verdicts and grant a new trial on the ground of improper juror conduct pursuant to Section
330.30(2) of the New York State Criminal Procedure Law.  See Exh. A at 1-2.  By Decision and
Order dated February 29, 2008, County Court Judge Barbara G. Zambelli denied Petitioner's
CPL § 330.30(2) motion on two grounds:  (1) the statute applies to "improper conduct by a juror,
or improper conduct by another person in relation to a juror" occurring during the trial, whereas
the conduct complained of occurred before both the trial and jury selection; and (2) Petitioner
nonetheless failed to establish facts demonstrating that the conduct complained of was actually
prejudicial to a substantial right.  See Exh. C at 5.

On March 11, 2008, Petitioner was sentenced to a determinate term of ten years
imprisonment with a five year period of post release supervision for the attempted robbery in the
first degree conviction; to a determinate term of seven years imprisonment with a three year
period of post release supervision for the attempted robbery in the second degree conviction; to
an indeterminate term of imprisonment of two and one third to seven years for the criminal
possession of a weapon in the third degree conviction; and to definite terms of one year each for
the assault in the third degree and resisting arrest convictions.  See Respondent's Affidavit in
Opposition at 1, fn. 1.  The court ordered the sentences to be served concurrently.  See id.
Petitioner's appellate counsel filed an appellate brief in the Appellate Division, Second
Department on or about October 26, 2009.  See Exh. D.  On appeal, Petitioner argued his
conviction should be reversed on the grounds that the trial court improperly denied (i) his CPL §
330.30 motion to set aside the verdict due to improper influence of the jury; (ii) his motion for

2

trial order of dismissal with respect to attempted robbery in the first degree; (iii) his motion for

trial order of dismissal with respect to attempted robbery in the second degree; and (iv) his

motion for trial order of dismissal with respect to criminal possession of a weapon in the third

degree. See Exh. D at 4.

By Decision and Order dated March 26, 2010, the Second Department found that "[t]he

County Court properly denied, without a hearing, [Petitioner's] motion to set aside the verdict

pursuant to CPL § 330.30(2), based upon alleged juror misconduct." People v. Black, 73 A.D.3d

789 (2d Dep't 2010) (citations omitted).  On or about August 11, 2010, the New York Court of

Appeals denied Petitioner's application for leave to appeal.  See People v. Black, 15 N.Y.3d 802

(2010).

On or about February 11, 2011, Petitioner filed the instant petition stating as his only

ground for relief that the County Court improperly denied his CPL § 330.30 motion to set aside

the verdict due to improper influence of the jury.

## II. <u>STANDARD OF REVIEW</u>

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614,

621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  To be granted a writ of habeas

corpus from a federal district court, a petitioner must fully and carefully comply with the

provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254.  A federal district court generally may hear "an application for a writ of habeas corpus

on behalf of a person in custody pursuant to the judgment of a state court" only if the petitioner

"is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).

When a state court has decided a claim on the merits, the federal court must apply

AEDPA's deferential standard of review. See Torres v. Berbary, 340 F.3d 63, 68 (2d Cir. 2003).

Under AEDPA, "[a]n application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim (1)

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if

'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a

set of materially indistinguishable facts.' " Torres, 340 F.3d at 68 (quoting Williams v. Taylor,

529 U.S. 362, 412-13 (2000)).

"[A]n unreasonable application of clearly established Supreme Court precedent occurs

when a state court identifies the correct governing legal principle from the Supreme Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." Torres, 340

F.3d at 68 (internal quotation marks and citation omitted). While "it is clear that the question is

whether the state court's application of clearly established federal law was objectively

unreasonable, the precise method for distinguishing objectively unreasonable decisions from

merely erroneous ones is less clear. However, it is well-established in [the Second Circuit] that

the objectively unreasonable standard of § 2254(d)(1) means that petitioner must identify some

4

increment of incorrectness beyond error in order to obtain habeas relief." Id. at 68-69 (internal quotation marks and citations omitted).

Under the second prong of § 2254(d), the factual findings of state courts are presumed to be correct. Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997). The petitioner must rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III.   JUROR MISCONDUCT CLAIM

The sole ground for habeas relief set forth in the Petition is a claim of juror prejudice. Petitioner's claim is based upon a statement made to potential jurors in the central jury room prior to the commencement of jury selection that plea negotiations were taking place in an unspecified criminal case, and then subsequently informing them that a plea bargain had not been reached and that they would be called for jury selection in that case, which turned out to be Petitioner's case. Although informing the potential juror pool of the ongoing plea negotiations was an error that could have resulted in prejudice to Petitioner, the error occurred prior to jury selection – a process designed to ferret out any potential bias, prejudice, or preconceived notion which may prevent jurors from rendering a fair and impartial verdict. Thus, any possible prejudice to Petitioner was ameliorated by the subsequent jury selection process.

During jury selection, the court began by asking the prospective jurors, "Do you solemnly swear to answer truthfully all questions relative to your qualifications to serve as a juror in this action?" 11/19/07 Tr. (Docket # 14) at 30. All of the prospective jurors responded, "I do." Id. The court thereafter explained to the prospective jurors,

> You as jurors have a very great responsibility. That responsibility is to accord the defendant and the People a fair trial. In order to do so, you must be free from any preconceived notions or any sympathies or prejudices that might prevent you from returning a fair and just verdict based solely on the evidence or lack of evidence.

5

Id. at 33.  When asked by the court, "[C]an you promise the defendant and the People that you're willing to participate in the deliberations and express your views based solely on the evidence in this case," the prospective jurors responded, "Yes."  Id. at 53.

The court additionally explained that "the defendant is presumed to be innocent until the contrary be proven," and that the "People of the State of New York have the burden of overcoming and destroying the presumption of innocence.  The defendant under our law does not have to prove anything.  In other words, he does not have to prove he is innocent."  Id. at 54. The prospective jurors stated that they could "accord the defendant this presumption of innocence."  Id. at 55.  The court stated that the prosecution had to prove defendant's guilt beyond a reasonable doubt, id., and the prospective jurors stated that if they had a reasonable doubt, then they would return a verdict of not guilty.  Id. at 56.  The court then proceeded to question each prospective juror individually, asking them, among other things, whether they could be fair and impartial – to which they all responded yes – and whether there was any reason why they could not sit on the case – to which they all responded no.  Id. at 59-76.[2]

After the completion of jury selection, the jurors took the following oath,

> COURT CLERK:  Do you solemnly swear that you will hear and decide this case for which you have been selected as jurors in a fair and impartial manner, without bias or prejudice, to the best of your judgment, and render a verdict in accordance with the evidence received during the trial and the instructions of the Court as to the law, so help you God?  If so, please say "I do."
>
> JURORS:  I do.

---

[2]One prospective juror mentioned that due to her work schedule, it would be difficult to sit on the case if the trial took place the following week.  11/19/07 Tr. at 71.

Id. at 112-13; see also id. at 115.  Before the opening statements were made, the court once again

instructed the jurors, "Anything you may have seen or heard outside the courtroom is not

evidence and must be disregarded.  You are to decide the case solely on the evidence presented

here during the course of this trial."  11/26/07 Tr. (Docket # 12) at 12.  The court again

instructed the jurors that "the defendant is presumed innocent until proven guilty," and "the

burden of proof is on the People.  The defendant has no burden to prove his innocence."  Id.

> At the conclusion of the trial, these instructions were reiterated:

> > Throughout these proceedings, the defendant is presumed to be
> > innocent.  As a result, you must find the defendant not guilty, unless, on
> > the evidence presented at this trial, you conclude that the People have
> > proven the defendant guilty beyond a reasonable doubt.
> >
> > . . .
> >
> > Before you were chosen as jurors, you were carefully questioned as to
> > your underlying prejudices and antipathies, and you all expressed your
> > willingness and readiness to do your duty and live up to your oath.  Now
> > is the time to withstand any urge or tendency which would base your
> > decision on anything other than the evidence.

Id. at 282, 285.

> After the verdict was rendered, both the prosecutor and defense counsel spoke to the

jurors and found out about the statement that had been made in the central jury room prior to

jury selection.  One juror, Laura Belson, and one alternate juror, James Francois, provided

defense counsel with affidavits attesting to what had transpired, and these affidavits were

incorporated into Petitioner's § 330.30 motion.  See Exh. A.  In deciding the motion, the trial

court described the affidavits as follows:

> > The affidavit from the deliberating juror confirms that while the jurors
> > were waiting in the central jury room, they learned plea bargain
> > discussions were taking place in the pending criminal case and it was
> > announced that if the criminal case was settled, they would be dismissed.

The deliberating juror's affidavit further states that the jurors were then advised that a plea bargain had not been reached and that the criminal trial would be going forward, and that the jurors were subsequently sent to this Court for jury selection in this case. . . . The affidavit of the alternate juror, who did not participate in jury deliberations, reiterates what the deliberating juror's affidavit says in regard to the announcement made in the central jury room, but adds that it was the belief of the alternate juror that the defendant must be guilty of something if a plea bargain was being discussed.  The affidavit goes on to state that "after listening to the testimony during the trial there was no doubt in my mind that Mr. Black was guilty of the crime charged."

Exh. C at 2-3.  The court concluded,

The defendant does not assert any facts indicating that any juror disregarded the instructions of the Court or misrepresented their promises to be fair and impartial, to accord the defendant his presumption of innocence and to judge the case solely on the evidence adduced at trial. All that the defendant has established was that the potential jurors heard limited information about the case prior to participating in the judicial process of jury selection.  The affidavit from the deliberating juror alleges nothing further, and the affidavit from the alternate juror, who, of course, was not involved in the actual jury deliberations, fails to even indicate that he, let alone any other jurors, disregarded the Court's instructions given during jury selection to judge the case solely on the evidence adduced at trial.  In essence, defendant speculates that because the jurors had this information, they must have harbored a prejudice against him and that prejudice was not mitigated by the judicial jury selection process. However, speculative assertions are insufficient to establish prejudice (see People v. Irizarry, [83 N.Y.2d 557,] 562 [(1994)]).  While the jurors heard information that they clearly should not have, defendant fails to establish that any juror used this information prejudicially against the defendant (cf. People v. Rivera, 304 A.D.2d 841 (2d Dept. 2003) or disregarded the Court's subsequent instructions on the law and their promises to be fair and impartial.  As defendant's allegations do not demonstrate that he was deprived of a fair trial as a result of the jurors receiving this information, his motion is without merit (see People v. Irizarry, supra at 561; People v. Covington, [44 A.D.3d 510,] 511 [(1st Dep't 2007)]).

Id. at 7-8.

As noted above, on direct appeal, the Second Department held that "[t]he County Court properly denied, without a hearing, [Petitioner's] motion to set aside the verdict pursuant to CPL

§ 330.30(2), based upon alleged juror misconduct." People v. Black, 73 A.D.3d 789 (2d Dep't 2010) (citations omitted).

"A criminal defendant challenging the impartiality of his jury panel has the burden of proving prejudice.  In other words, the petitioner must show the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality." Stapleton v. Graham, No. 09-CV-00382, 2010 WL 6599472, at *14 (E.D.N.Y. Sept. 22, 2010) (internal quotation marks and citations omitted), adopted by, 2011 WL 1748734 (E.D.N.Y. May 6, 2011).[3]  " 'On § 2254 review, the state trial court is entitled to a presumption of correctness with respect to its conclusion that the jury was impartial.' " Brown v. Smith, 171 F. App'x 889, 890 (2d Cir. 2006) (quoting Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 813 (2d Cir. 2000)). "The Supreme Court has made it clear that the trial court's findings of impartiality may be overturned only for manifest error." Id. (internal quotation marks, citations, and alterations omitted).  Thus, this Court must determine "whether there is 'fair support in the record for the state court['s] conclusion that the jurors here would be impartial.' " Id. (quoting Patton v. Yount, 467 U.S. 1025, 1038 (1984)).  "Moreover, 'due process does not require a new trial every time a juror is placed in a potentially compromising situation.' " Romance v. Bradt, 391 F. App'x 89, 91 (2d Cir. 2010) (quoting Smith v. Phillips, 455 U.S. 209, 217 (1982)).  "Rather, 'due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen.' " Id. (quoting Smith, 455 U.S. at 217) (alteration omitted).

---

[3]In the spirit of Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009), copies of all unpublished decisions cited herein have been provided to Petitioner by the Court.

"Indeed, the trial court retains 'broad discretion' in taking action to fulfill its duty to ensure juror impartiality." Id. (citation omitted).

Here, there is fair support in the record for the state trial judge's conclusion that the jury in Petitioner's case was impartial, and Petitioner has failed to carry his burden of proving prejudice. During jury selection, the state trial judge received satisfactory assurances from the jurors that they could be fair and impartial and that they could grant Petitioner the presumption of innocence, and the judge repeatedly instructed the jury that their verdict was to be based solely upon the evidence presented in the case. There is no evidence that the jurors were untruthful in providing these assurances, nor is there any evidence that the jurors failed to follow the judge's instructions. As explained by the state trial judge, the affidavits submitted by Petitioner with his § 330.30 motion did not serve to elevate his claim of juror prejudice beyond the realm of speculation, and there is nothing else in the record presented in this habeas proceeding to support such a claim. Accordingly, Petitioner has failed to overcome the "presumption of correctness" accorded the state court's finding of juror impartiality. Brown, 171 F. App'x at 890; 28 U.S.C. § 2254(e)(1) (petitioner has burden of rebutting presumption of correctness by "clear and convincing evidence"); see also, e.g., Carelock v. Artus, No. 6:12–CV–06498–MAT, 2013 WL 5408861, at *6 (W.D.N.Y. Sept. 25, 2013) ("In short, Petitioner makes no showing of actual bias; he simply speculates about the possibility of bias, which is not sufficient to sustain this claim.") (citations omitted).[4]

---

[4]Nor was the state trial judge's decision to deny Petitioner's § 330.30 motion without a hearing contrary to, or an unreasonable application of, clearly established federal law. A trial court is only required to hold a post-verdict hearing regarding juror impartiality "when reasonable grounds for investigation exist. Reasonable grounds are present when there is clear, strong, substantial and incontrovertible evidence, that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." U.S. v. Vitale, 459 F.3d 190,

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Petitioner is not entitled to habeas relief based on his claim of juror misconduct.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the instant Petition should be dismissed.  As the Petition presents no questions of substance for review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue.  Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979).  I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Vincent Briccetti, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

---

197 (2d Cir. 2006) (internal quotation marks and citations omitted).  Petitioner's evidence did not provide the state trial judge with "reasonable grounds for investigation" of juror impartiality in his case.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.

Dated: November ___, 2013
      White Plains, NY

*December 11*

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Vincent Briccetti, U.S.D.J.

Marlon Black
#08-A-2337
Auburn Correctional Facility
135 State Street
Auburn, NY 13021

John J. Sergi
Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10601