UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARLON BLACK,                                             :
                      Petitioner,              :
                                     :   **MEMORANDUM DECISION**
v.                                                       :
                                     :   11 CV 1495 (VB)
HAROLD GRAHAM, Superintendent,                           :
Auburn Correctional Facility,                            :
                        Respondent.              :
------------------------------------------------------------------x

Briccetti, J.:

        Before the Court is Magistrate Judge Lisa M. Smith's Report and Recommendation

("R&R"), dated December 11, 2013 (Doc. #17), on Marlon Black's petition for a writ of habeas

corpus.  Judge Smith recommended the Court deny the petition.

        For the following reasons, the Court adopts the R&R.  The petition is DENIED.

        Familiarity with the factual and procedural background of this case is presumed.

I.       Standard of Review

        A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and

recommendation, but they must be "specific[,] written," and submitted within fourteen days after

being served with a copy of the recommended disposition, Fed.R.Civ.P. 72(b)(2); 28 U.S.C.

§ 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed.R.Civ.P. 6(d).

        When a party submits a timely objection to a report and recommendation, the district

court reviews the parts of the report and recommendation to which the party objected under a de

novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed.R.Civ.P. 72(b)(3).  The district

court may adopt those portions of the recommended ruling to which no timely objections have

been made, provided no clear error is apparent from the face of the record.  See Wilds v. UPS,

Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies

when a party makes only conclusory or general objections, or simply reiterates his original

arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  As petitioner is

proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them

to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d

787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner

is entitled to habeas corpus relief only if he can show that in adjudicating his claim on the merits,

the state court either (i) unreasonably applied, or made a decision contrary to, clearly established

Federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in

light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1), (2).  The

state court's determination of factual issues is presumed correct, and petitioner has "the burden

of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §

2254(e)(1).

Neither party objected to Judge Smith's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the R&R, and the petition is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a

certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d

192, 195 (2d Cir. 2005).  In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that

any appeal from this order would not be taken in good faith, and therefore in forma pauperis

status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-

45 (1962).

Dated:  February 4, 2014
        White Plains, NY

                        SO ORDERED:


                        _____
                        Vincent L. Briccetti
                        United States District Judge

3